ARCHIBALD McINTYRE, AS ASSIGNEE OF ARTHUR WATERS, ETC., RESPONDENT, *v.* JOHN CARRIERE, APPELLANT.

*County Court — power of, to reduce the amount claimed in the summons where it exceeds $1,000.*

In an action commenced in a County Court, the summons and complaint demanded judgment for a sum exceeding $1,000. The defendant, after answering generally on the merits, upon the trial moved to dismiss the summons and complaint, on the ground that the court had no jurisdiction over the action. The court thereupon allowed the summons and complaint to be amended so as to demand but $1,000.

Upon an appeal from such order, *held,* that the court had no power to make it, and that it should be reversed.

APPEAL from an order of the County Court of Albany county, allowing an amendment to the summons and complaint.

This action was commenced in the Albany County Court on the 7th day of April, 1877, by the service of the summons and complaint on the defendant. An answer upon the merits, containing no allegations as to any want of jurisdiction in the court, was served on the 21st day of May, 1877, and a reply on the 5th day of June, 1877. The action was duly brought to trial on the first Monday of January, 1878, and on the case being called the defendant moved to dismiss the summons and complaint, on the ground that the court had no jurisdiction of the subject-matter, the amount claimed in each being above the constutional limit of the court; this motion was denied, to which denial the defendant duly excepted. The court then on motion of plaintiff's counsel, defendant's counsel objecting and excepting, granted an order amending both summons and complaint, by limiting the amount, for which judgment was demanded in each, to $1,000, from which order the defendant appealed to this court.

*Isaac C. Barrett*, for the appellant.

*Eugene Burlingame*, for the respondent.

*Per Curiam :* .

In the case of *McDonald* v. *Truesdail*, decided in this court in November, 1876, the plaintiff commenced an action in the Ulster County Court by the service of a summons, without a complaint. The summons was for relief and claimed no sum whatever.

When the complaint was served, it demanded $5,000 damages, in an action of assault and battery. At the commencement of the trial (after objection to the jurisdiction by the defendant), the plaintiff asked leave to amend his complaint by reducing the damages to $1,000, which was granted. A verdict was rendered for the plaintiff, and an appeal was taken from the judgment and from an order denying a new trial. This court affirmed the judgment and order. It will be seen, therefore, that that case differed from the present. There was no appeal from the order allowing an amendment of the complaint. The summons was not amended. By the service of the summons the court acquired jurisdiction, for there was nothing in the summons showing a want

of jurisdiction. Having acquired jurisdiction of the action by the service of the summons, the court might amend the complaint or other proceedings.

The difference in the present case is that the summons itself showed a want of jurisdiction. And it is difficult, therefore, to see how the court could acquire jurisdiction of a suit by an amendment, when it had no jurisdiction before the amendment. The question is directly before us on appeal from the order, so that it cannot be said that there was consent or waiver. If (as was stated orally on the argument) the defendant went on to trial, he did so, after making such objection as was in his power. But even the fact of the trial is not on the papers before us. This is not the case of a voluntary appearance, by which the court acquires jurisdiction without the service of process. Here the defendant was brought in compulsorily, and did not waive any of his rights; and, therefore, jurisdiction was acquired, if at all, only by the amendment of the process. And the court had no juritdiction of the action, at the time it made the amendment; therefore the court had no power to amend.

We regret to come to this conclusion because, probably, no actual injustice has been done. But we cannot break through settled and important principles.

The order must be reversed, with ten dollars costs and printing disbursements, and the motion to amend denied.

Present — LEARNED, P. J., BOCKES and BOARDMAN, JJ.

Order reversed, with ten dollars costs and printing disbursements, and motion to amend denied.